UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GUILLERMO GUERRERO-ORTEGA            CIVIL ACTION

VERSUS            No. 22-5322

STATE FARM MUTUAL            SECTION: "J"(1)
AUTOMOBILE INSURANCE
COMPANY; TTS, LLC; AND
NATHAN GAMACHE

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 3)** filed by Plaintiff, Guillermo Guerrero-Ortega, and an opposition (Rec. Doc. 6) filed by Defendants, State Farm Mutual Insurance Company, Nathan Gamache, and TTTS, LLC. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Guillermo Guerrero-Ortega, filed this lawsuit in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, on September 27th, 2022, for injuries stemming from an automobile accident occurring on or about October 25, 2021. Plaintiff is a citizen of Louisiana. Defendant State Farm Mutual Insurance Company is an Illinois insurer, incorporated and existing under the laws of the State of Illinois, whose principal place of business is in Illinois. Defendant Nathan Gamache is a citizen of Missouri. Defendant TTS, LLC, is incorporated in the State of Missouri with its principal place of business in the State of Missouri.

Plaintiff asserts that on or about October 25th, 2021, he sustained injuries due to rear-end collision while traveling southbound on LA 316 in his 2017 Chevrolet Colorado in Lafourche Parish, Louisiana. Plaintiff alleges that Defendant, Nathan Gamache negligently operated his 2014 Ford F550 commercial vehicle and rear-ended Plaintiff. Plaintiff contends that as a result of the collision, he suffered multiple contusions and abrasions to the body trunk, spine, and extremities as well as other injuries including but not limited to his head, neck, shoulders, chest, back, hips, legs, and feet.

Additionally, Plaintiff asserts damages and injuries including: physical pain and suffering; mental anguish; permanent disability; past, present, and future medical expenses; loss of enjoyment of life; property damage; towing; storage; depreciation; loss of use; and rental. Plaintiff avers that the proximate cause of the crash was the negligence of Defendant, Nathan Gamache. Plaintiff contends that Defendant: failed to see what he should have seen; operated his vehicle in a carless and reckless manner; failed to keep his vehicle under control; followed too closely; as well as other acts of negligence to be shown at trial.

On December 16, 2022, (50) days after receipt of Plaintiff's initial state court complaint, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 on the basis that the amount in controversy at the time of removal exceeded the jurisdictional limit of $75,000.00 exclusive of interest and costs and that complete diversity existed between the parties. Defendants contend that the case was not removable until after the receipt of "other papers" pursuant 28 U.S.C. § 1441(b)(3)

which allowed them to assess the claims and deduce that the case was in fact removable. Defendants aver that despite Plaintiff's stipulation in the complaint that damages exceeded $75,000.00 exclusive of interest and costs, they had no medical records to assess the validity of the damage claims asserted in the petition and whether the claims would satisfy the requisite jurisdictional amount. Plaintiff contends that as the initial complaint contained a stipulation that damages exceeded $75,000.00 exclusive of interest and costs, Defendants' Notice of Removal was not timely filed, as it was filed approximately (50) days after Defendant was served with Plaintiff's state court petition.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

In removal cases, the parties must show that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount,

or (2) by showing the facts in controversy that support a finding of the requisite amount. *Id.* (emphasis in original).

The first method requires the court to consider only the face of the complaint. A defendant can rely on the face of the complaint if it is apparent that the amount in controversy is sufficient. *De Aguilar*, 47 F.3d at 1412. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995).

The party invoking jurisdiction has the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 fn. 10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039, 1052 (5th Cir.1982). The court may demand that the party justify the allegation by a preponderance of the evidence. *McNutt*, 298 U.S. at 189.

After a defendant has met its burden, the plaintiff, to obtain a remand, must prove to a legal certainty that its recovery will not exceed the jurisdictional amount. *Id.* A defendant must do more than point to a state law that might allow the plaintiff to recover more than it pled. *Id.* The removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

4

## **DISCUSSION**

Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Here, the issue is not whether the parties are completely diverse for purposes of diversity jurisdiction. Rather, the issue before the Court concerns the timeliness of removal and whether the amount in controversy requirement was satisfied at the initial complaint stage, or after Defendants' receipt of "other papers" in the form of medical records.

The statute governing the procedure for the removal of cases, 28 U.S.C. § 1446 requires that a defendant who desires to remove a case to federal court file its petition for removal within thirty days of the receipt of the initial pleading in the case. *See* 28 U.S.C. § 1446(b). The statute further provides that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3) (emphasis added).

Essentially, 28 § 1446(b) provides a "two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). The first paragraph provides that "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Id*. The second paragraph provides that "if the case stated by the initial pleading is not removable, then notice

of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertan that the case is removable." *Id.* Thus, the question before the Court is whether the case as stated by the initial pleading was removable such that the thirty-day filing window lapsed before Defendants filed their Notice of Removal.

In removal cases, it is well settled that the removing party bears the burden of establishing the facts necessary to prove that federal jurisdiction exists. *See Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961) *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Of course, if a plaintiff pleads damages less than the jurisdiction amount, they may generally bar a defendant from removal. *Allen*, 63 F.3d at 1335. That said, the Fifth Circuit has applied different standards of proof depending upon whether the complaint alleges a dollar amount of damages. *Id.* Importantly, however, where a plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) *see also Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014) (finding that the amount of damages sought in a plaintiff's state court petition "constitutes the amount in controversy, so long as the pleading was made in good faith").

In the present case, Plaintiff's original state court Petition for Damages stated that his damages as a result of the crash exceeded the sum of $75,000.00, exclusive of interest and costs. *See* (Rec. Doc. 1-2, pp 8-9). Indeed, Defendants' Notice of

Removal acknowledged the fact that Plaintiff had stipulated that his damages as a result of the crash exceeded the jurisdictional threshold amount of $75,000.00 exclusive of interest and costs but stated that they had "no medical records to assess that claim when they were served." (Rec. Doc. 1, p. 2). As a result, Defendants requested medical records to access whether the damages exceeded the jurisdictional minimum. *Id.*

In the present case, the threshold amount in controversy requirement is met as it is facially apparent that Plaintiff made clear that the amount of damages exceeded the jurisdictional threshold amount of $75,000.00 exclusive of interest and costs as stated in his initial state court complaint.[1] As the removal clock would thus begin to run as soon as Defendants were properly served with the complaint, Defendants' Notice of Removal is untimely.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 3)** is **GRANTED**.

New Orleans, Louisiana, this 7th day of March, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] *See* Chapman v. Powermatic, Inc., 969 F.2d 160, 162 n.3. (5th Cir. 1992) (finding that in the Court's opinion "neither T.R.C.P. 47(b) nor La. Code Civ. Proc. Ann. art. 893(A)(1) prohibit a plaintiff from alleging in his initial pleading that the damages exceed the minimum jurisdictional amount of the federal court").